THE CITY OF CHICAGO *vs*. CHARLES PICK *et al.*—(JACOB GLOS *et al.* Appellants, *vs.* ISABELLA A. H. PRINDLE, Appellee.)

*Opinion filed April 19, 1911—Rehearing denied December 6, 1911.*

1. EMINENT DOMAIN—*parties may waive right to have their controversy as to title decided on formal pleadings.* While there should be some pleading in a condemnation case as the basis of a controversy among the defendants as to title, such defendants may waive their right to submit the question on formal pleadings.

2. SAME—*when defendants cannot complain of lack of formal issue.* In a condemnation proceeding, where the issue of ownership is between the holder of the legal title and the holder of tax deeds, if other persons alleged in the petition to have some interest in the premises, without stating what such interest is, are parties to the suit and appear, but, though represented by the attorney for the holder of the tax deed, make no attempt to raise any formal issue as to their interests or make any proof of the same, they can not complain, on appeal, that the question of their interests was not included in the formal issue on which the court based its findings.

3. SAME—*petitioner's averment of ownership is not binding on the defendants.* A petitioner for the condemnation of property must ascertain who are the owners of and interested in the property, but the averments of ownership, while binding upon the petitioner, are not binding on the defendants, and upon a proper issue the court may determine disputes between them; and it is proper to settle such questions before the jury is empaneled to ascertain compensation.

4. SAME—*when it is proper to ascertain compensation in gross sum.* In a condemnation proceeding the petitioner is not interested in a controversy among the defendants as to their interests, and if there is a determination of such a controversy which is not acquiesced in by a defendant, the petitioner should not be required to delay its case pending such defendant's appeal, but it is

proper, in such case, to ascertain the compensation in a gross sum, to be distributed under further order of the court.

5. Same—*a condemnation judgment is merely conditional until compensation is paid.* A decision of the court, in a condemnation proceeding, of a controversy between defendants as to their title relates only to their right to participate in a fund which, as yet, has no existence and which may never have, as the condemnation judgment is merely conditional and confers no right until the com-pensation is paid.

6. Same—*defendant may appeal from order settling his inter-est, after a final award is made.* Where there is a controversy between the defendants to a condemnation proceeding as to their title and the decision is not satisfactory to one of them, the dis-satisfied party is not required to take an appeal at once, as is the case where a partition decree settles the interests of the parties, but may take his appeal after the judgment awarding compensa-tion is entered.

7. Same—*holder of invalid tax deed not entitled to reimburse-ment out of compensation awarded.* A condemnation proceeding is not a proceeding instituted by the holder of the legal title but is instituted against him without his consent, and in such case the holder of an invalid tax deed is not entitled to reimbursement out of the compensation awarded, for money expended in procuring such tax deed and for taxes subsequently paid.

8. Tax deeds—*right of holder of invalid tax deed to reimburse-ment is limited.* The holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land.

Cartwright, Hand and Dunn, JJ., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. Harry M. Waggoner, Judge, presiding.

John R. O'Connor, for appellants.

Robert Zaleski, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

The city of Chicago, in its capacity as trustee for the use of the schools of the city, filed its petition in the circuit court of Cook county to ascertain the compensation to be

paid for a large number of lots for school purposes, including lots 47 and 48, in block 2, of a certain subdivision, naming many persons as interested in the premises, without specifying their respective titles or interests, among whom were the appellants, Jacob Glos, Emma J. Glos, Clara L. Glos and August A. Timke. Jacob Glos filed a paper which he called an answer, alleging that he was the owner of lots 47 and 48 by virtue of tax deeds. His attorney, who was also attorney for the other appellants, served a notice on the appellee, Isabella A. H. Prindle, another defendant, when the claim set up by Jacob Glos would be heard, and stated therein that his other clients also claimed some interest in the premises. The appellee filed a paper which she called an answer to the answer of Jacob Glos, denying that he had any interest in the lots and alleging that she was the owner of them. On July 16, 1910, the appellants and appellee appeared and the court heard the proofs of Jacob Glos and the appellee, and entered an order finding that the appellee was the owner in fee of the premises; that none of the other defendants had any right, title or interest in the lots and that she was entitled to the entire amount that might be awarded. Jacob Glos excepted and prayed an appeal, which the court refused to grant, but he was allowed sixty days to file a bill of exceptions. On November 17, 1910, there was a trial and a verdict for $1200 as compensation for the lots to the owner and parties interested in them, not naming any person. Judgment was entered on the verdict, and on November 19, 1910, appellants moved the court to vacate the judgment, set aside the verdict and grant a new trial, and their motions were denied. They then moved in arrest of judgment, and upon the denial of their motions they prayed separate appeals to this court, which were granted and time was given for a bill of exceptions. The four appellants filed separate appeal bonds but joined in filing one transcript of the record.

The same counsel has filed a brief and argument for Jacob Glos and another for the other appellants. The only ground upon which counsel contends that the judgment should be reversed as to the appellants Emma J. Glos, Clara L. Glos and August A. Timke is, that the issue made between Jacob Glos and the appellee as to who owned the lots did not involve the rights of any other parties, and did not authorize the court to make a finding that those who did not join in that issue had no right, title or interest in the premises or in the fund. The appellants had all appeared in the proceeding and were all present at the hearing on the question of title and represented by the same attorney. While there should be some pleading as a basis of a controversy between defendants as to title, they may waive their right to have the question submitted on formal pleadings. (*Sanitary District* v. *Pittsburgh, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575.) All the appellants had every opportunity to prove title, if they had any, but three of them stood by while the cause was tried between two parties, each claiming the absolute title, and offered no evidence and made no claim of title. They can not now complain that the formal issue did not include them. They make no complaint of anything else and the record does not show any error affecting them.

The appellee contends that no alleged errors in the order of July 16, 1910, finding her to be the absolute owner of the lots, can be considered, because that order was final and no appeal was taken from it. Her counsel says that the order was final in the same sense as a decree finding the interests of parties in partition, from which an appeal must be taken if any party desires to question the decree by appeal, and that although the court refused to grant an appeal the order cannot now be reviewed. In partition an appeal from a decree finding the interests of the parties brings up the whole cause, affects all the parties in interest and suspends further action until the appeal is determined. But

the situation here is different. A petitioner for the condemnation of property must ascertain who are the owners of and interested in the premises sought to be taken. (*Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie,* 63 Ill. 264; *St. Louis and Southeastern Railway Co.* v. *Teters,* 68 id. 144; *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 id. 316.) The averments of ownership in the petition are binding on the petitioner but not on the defendants, and on a proper issue the court may determine disputes between them. (*Sanitary District* v. *Pittsburgh, Ft. Wayne and Chicago Railway Co. supra; Metropolitan Elevated Railway Co.* v. *Eschner,* 232 Ill. 210.) If there is a controversy between defendants as to title, it is proper to settle that question before the jury is empaneled, (*Chicago and Milwaukee Electric Railroad Co.* v. *Diver,* 213 Ill. 26; *Chicago and Northwestern Railway Co.* v. *Miller,* 233 id. 508;) but with the determination of that question the petitioner is not concerned. An appeal from a decision in such a controversy would only bring up for review the question of ownership as between the parties to the controversy and ought not to delay the condemnation proceeding contrary to the rights of the petitioner and public policy. The only method of questioning an order of that kind is by appeal, and if the parties are satisfied the order may be acted upon by the court and the compensation be awarded accordingly. If the order is final in the sense that it must be appealed from when made and a defendant who is held to have no title cannot participate further in the proceeding, the condemnation would fail in case the order should afterward be reversed, because a party entitled to his day in court and to be heard as to the amount of compensation to which he is entitled would have been deprived of that right. Here Jacob Glos was held to have no title, and if the order ended his connection with the proceeding as to the amount of compensation to be awarded notwithstanding the averments of the petition, the subsequent award of $1200 could not

stand if the order should be found to be wrong. The petitioner, which has brought into court all the parties having rights, titles or interests in the property to be condemned and is wholly without fault, would either be required to stay proceedings pending an appeal on a contest between defendants, or proceed without a necessary defendant, at the risk of having the judgment set aside.

There is a further reason why an appeal should not be required before the final award in the fact that the decision relates only to the right to participate in a fund which as yet has no existence and may never have. The petitioner may dismiss the petition or after the ascertainment of compensation may abandon the proceeding and decline to take the property. The judgment is only conditional and confers no right until the payment of compensation, and the Eminent Domain act contemplates that the petitioner may not make payment within the time limited and provides for such a condition. If there is an order fixing the rights of defendants between themselves which is not acquiesced in, we regard the method adopted here of awarding a gross sum as the proper one. All defendants would have a right to be heard on the amount of compensation, leaving the question who is entitled to the award for future determination, and this may properly be done where the title is in litigation. (*Eddleman* v. *Union County Traction Co.* 217 Ill. 409; *Metropolitan Elevated Railway Co.* v. *Eschner, supra.*) An appeal from the order of July 16, 1910, might have proved entirely useless, and Jacob Glos had a right to appeal from that order after the final judgment.

At the hearing concerning title Jacob Glos claimed that his tax deeds were valid, or if they were held invalid that he was entitled to be reimbursed for his expenditures, with interest, in the manner required by the statute upon setting aside such deeds. The tax deeds being invalid, is the holder thereof entitled, in a condemnation proceeding, to reimbursement, out of the compensation awarded, for the

money expended in procuring such tax deeds and for the taxes subsequently paid? This question, we think, must be answered in the negative. The proviso to section 224 of the Revenue law (Hurd's Stat. 1908, chap. 120, p. 1788,) provides that when any judgment or decree of court setting aside any tax deed procured under that act is entered, the decree shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties provided by law, to which the holder of such deed shall be entitled, before the claimant shall have the benefit of such judgment or decree. There are many cases in this court where tax deeds have been set aside at the instance of the owner upon the terms imposed by the statute, but these cases are suits commenced in equity by the holder of the paramount title for the purpose of removing the tax title as a cloud upon the owner's title, and by applying the equitable maxim that "he who seeks equity must do equity," and in compliance with the proviso above referred to from section 224 of the Revenue law, this court has never hesitated to require, as a condition of relief, reimbursement to the holder of such defective tax title. The rule applied in that class of cases does not, in our opinion, extend to cases like the one at bar for the reason that the condemnation proceeding was not instituted by the owner of the land but was commenced against him without his consent, for the purpose of condemning his land for a public use. The holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land. (*Miller* v. *Cook,* 135 Ill 190; *Riverside Co.* v. *Townshend,* 120 id. 9; *Gage* v. *Eddy,* 186 id. 432.) Appellants are not brought within either the language of the statute or the equitable principle which it declares.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

CARTWRIGHT, HAND and DUNN, JJ., dissenting:

The purpose and effect of the condemnation proceeding was not to acquire some particular interest in the property taken, but to appropriate to public use the property itself and all interests therein. (*Stubbings* v. *Village of Evanston,* 136 Ill. 37.) The fact that the tax deeds of Jacob Glos were not valid as conveyances of the legal title does not affect his right to compensation if they had any value, since the constitution requires compensation for all rights in property, whether legal or equitable. (*Chicago and Northwestern Railway Co.* v. *Miller,* 233 Ill. 508.) Equitable rights in real estate are property equally with legal rights, and have equal protection under the constitution and laws. It neither requires a statute concerning reimbursement nor any maxim of equity to secure to Glos his constitutional right to compensation for his rights and interests, if they had any value. We do not see how it can be said that they were valueless because they did not convey the legal title. Purchasers at tax sales, not expecting to acquire the legal title to property, pay their money for rights in the property which they acquire and which are well understood to be of value. The statute provides that any judgment or decree of court setting aside any tax deed shall provide that the claimant shall pay to the party holding such tax deed the amounts therein provided before the claimant shall have the benefit of the judgment or decree, and the right is not confined to proceedings by bills in equity. It is conceded by counsel for the appellee that if the effect of the condemnation proceeding had been to set aside the deeds there would have been a right to reimbursement, but he contends that while all rights under the deeds were taken away there was no right to compensation for any interest that the holder had, because the proceeding was not in form to set aside the deeds. It is not a question of reimbursement but of compensation for rights and interests, whether

legal or equitable, taken in the proceeding, and the form of the proceeding is immaterial. In *Moore* v. *Wayman,* 107 Ill. 192, the proceeding was not to set aside a tax deed, but was to enjoin the county collector from executing a deed to the holder of a certificate of sale. There was no provision in the decree for reimbursing the holder of the deed and it was reversed for that reason. The court said: "There is no rule of law or principle of equity that will compel, or even require, one man to pay the taxes of another or discharge any of his duties to the public. Such injustice can never be tolerated by the courts, and to enjoin the collector from making a deed in this case would produce that result. It was neither illegal nor inequitable for any person to purchase the land when exposed to sale for these delinquent taxes." It was the substance of things rather than the form which was there considered. A proceeding to register title is not, in form, to set aside a tax deed but is a proceeding adverse to the tax title; and in *Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30, the applicant contended that the proceeding was not an application to cancel of record the tax deeds and the holder was not entitled to reimbursement. This court did not regard the form of the proceeding as of any importance and required the applicant to reimburse the holder of the tax deeds. By the judgment in this case the petitioner acquired the rights of all parties, including the interest of Jacob Glos as holder of the tax deeds, and the right which he would have had, under them, to reimbursement in case they were set aside or destroyed in any form of proceeding was taken from him. That right was property having a well known value, of which he could not be deprived without compensation.