WILLIAM L. O'CONNELL, County Treasurer, *vs.* THEO-
DORE S. SANFORD *et al.* Appellees.—(JACOB GLOS *et al.*
Appellants.)

*Opinion filed June 21, 1912.*

TAX DEEDS—*holder of an invalid tax deed is not entitled to re-
imbursement out of condemnation money.* The holder of an invalid
tax deed is not entitled to reimbursement for the amount of money
paid for the tax title and subsequent taxes, out of the compensa-
tion awarded in a condemnation proceeding in which the entire
property is taken for public use. (*City of Chicago* v. *Pick,* 251
Ill. 594, adhered to.)

APPEAL from the Circuit Court of Cook county; the
Hon. LOCKWOOD HONORÉ, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

GEORGE GILLETTE, (GEORGE W. HESS, of counsel,) for
appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a controversy between the owners of the fee
title to certain property and the holders of irregular and
invalid tax titles on the same property as to the distribution
of the damages awarded as compensation for the taking of
the premises in a condemnation proceeding. The South
Park Commissioners filed a petition in the circuit court of
Cook county in 1905 against the People's Gas Light and
Coke Company, praying that certain lands therein described
be set apart for park purposes and that the fair and just
compensation to be paid for the same be ascertained.
Lots 1 to 16, inclusive, in block 7, Section 4 addition to
Chicago, were described in the petition. A jury was em-
paneled and after a hearing returned a verdict awarding
to the owners and parties interested in said lots 1 to 16
$10,800, upon which the court rendered judgment, and en-
tered a decree that upon the payment of such sum to the

255—4

owners and parties interested in the said land, or to the county treasurer for their use, the South Park Commissioners should have the right to enter and take possession of the premises.. On August 4, 1905, the said sum of $10,800 was paid to the county treasurer of Cook county by the park commissioners. Of this sum $625 was paid to the owner of lot 4, leaving $10,175 in the hands of the county. treasurer. All of the foregoing facts were brought before the court by the county treasurer by a bill of interpleader. The bill alleged that Theodore S. Sanford, Frederick F. Sanford and Marcia Sanford Critz claimed to be the owners in fee of each of said lots except lot 4, and that certain other parties, to-wit, Catherine S. Fay, Thomas Fay, her husband, Adam S. Glos, Jacob Glos, Emma J. Glos, August A. Timke, trustee, A. A. Timke, D. Arnold, and others, claimed to be the owners of certain rights and interests in said lots except lot 4. The bill made all of the above mentioned persons defendants and prayed that they be required to interplead and adjust their demands among themselves. Jacob Glos filed an answer, claiming that he and Emma J. Glos were the owners of the premises and that he derived his title by means of certain tax sales and tax deeds. His answer stated that if the court should find his title was void for any reason, he should be reimbursed the amount expended at the tax sales and for the payment of subsequent taxes on said premises. The legal question involved in this case is sufficiently presented by the answer of Jacob Glos. The answers of other defendants need not be stated. The court found all the tax titles to be invalid. and decreed that the whole of the condemnation money be paid to the owners of the fee simple title.

The findings of the court as to the invalidity of the tax titles is not controverted. The only question presented for determination is whether the holder of an invalid tax title is entitled to reimbursement for the amount of money paid for the tax title and subsequent taxes, out of com-

pensation awarded in a condemnation proceeding in which the entire property is condemned and taken for a public purpose. Appellants contend that to deny them reimbursement for the money paid for tax titles is a taking of their property without due process of law.

The precise question involved in this case was fully considered and decided by this court in *City of Chicago* v. *Pick,* 251 Ill. 594, and in disposing of that question this court, on page 599, said: "The tax deeds being invalid, is the holder thereof entitled, in a condemnation proceeding, to reimbursement, out of the compensation awarded, for the money expended in procuring such tax deeds and for the taxes subsequently paid? This question, we think, must be answered in the negative. The proviso to section 224 of the Revenue law (Hurd's Stat. 1908, chap. 120, p. 1788,) provides that when any judgment or decree of court setting aside any tax deed procured under that act is entered, the decree shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties provided by law, to which the holder of such deed shall be entitled, before the claimant shall have the benefit of such judgment or decree. There are many cases in this court where tax deeds have been set aside at the instance of the owner upon the terms imposed by the statute, but these cases are suits commenced in equity by the holder of the paramount title for the purpose of removing the tax title as a cloud upon the owner's title, and by applying the equitable maxim that 'he who seeks equity must do equity,' and in compliance with the proviso above referred to from section 224 of the Revenue law, this court has never hesitated to require, as a condition of relief, reimbursement to the holder of such defective tax title. The rule applied in that class of cases does not, in our opinion, extend to cases like the one at bar, for the reason that the condemnation proceeding was not instituted by the owner of the land but was commenced

against him without his consent, for the purpose of condemning his land for a public use. The holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land. (*Miller* v. *Cook,* 135 Ill. 190; *Riverside Co.* v. *Townshend,* 120 id. 9; *Gage* v. *Eddy,* 186 id. 432.) The appellants are not brought within either the language of the statute or the equitable principle which it declares."

Appellants concede in their brief that the question involved in the case at bar was determined adversely to their contention in the case above cited. On page 19 of their brief they say: "In discussing the question as to who is entitled to the award in a condemnation proceeding, or to any part thereof, we are confronted with the decision of this court in the case of *City of Chicago* v. *Charles Pick et al.* 251 Ill. 594, which would appear to be decisive of the question whether or not the holder of a tax title is entitled to reimbursement or compensation in a condemnation proceeding." Appellants then present an argument intended to show that the conclusion of the court in the *Pick case* is unsound, and ask, in view of their argument, that the grounds of the decision in the *Pick case* be carefully re-examined. We have carefully considered appellants' argument but our confidence in the views expressed in the *Pick case* is not shaken thereby. The case at bar cannot be distinguished from the *Pick case,* and we could not reverse the decree below without overruling that case, which we see no reason for doing.

The decree of the circuit court of Cook county is affirmed.                                    *Decree affirmed.*