WILLIAM L. O'CONNELL, County Treasurer, Appellee, *vs.*
   THEODORE S. SANFORD *et al.*—(THE CITY OF CHI-
   CAGO, Appellant.)

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. MUNICIPAL CORPORATIONS—*municipal corporation cannot buy
land at tax sale unless authorized by statute.* A municipal corpo-
ration, in the absence of an enabling statute, has no authority to
become the purchaser of land at a tax sale, and the mere general
power of a city to buy and hold real estate does not authorize
such purchase.

2. SAME—*section 72 of Local Improvement act permits city to
buy lots at tax sale.* Section 72 of the Local Improvement act
authorizes a city, in default of other bidders, to purchase real es-
tate at a sale for taxes or special assessments in which the city
is interested.

3. SAME—*city does not acquire tax lien by buying lots at tax
sale.* Under the Illinois statutes the lien existing upon real prop-
erty for unpaid taxes or special assessments is a lien in favor of
the people of the State, and a sale of the land for the amount of
the unpaid taxes or assessments extinguishes such lien, whether the
purchaser is a private individual or a municipal corporation.

4. TAX DEEDS—*rule that the holder cannot be reimbursed out of
condemnation award applies to city.* The rule that the holder of
an invalid tax deed is not entitled to reimbursement out of the
money awarded as compensation under the Eminent Domain law,
applies where a city is the holder of such a deed as well as where
the holder is an individual. (*City of Chicago* v. *Pick,* 251 Ill. 594,
and *O'Connell* v. *Sanford, 255* id. 49, followed.)

DUNN, C. J., and CARTWRIGHT and HAND, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the
Hon. LOCKWOOD HONORE, Judge, presiding.

PHILIP J. MCKENNA, and HOWARD F. BISHOP, (WIL-
LIAM H. SEXTON, Corporation Counsel, of counsel,) for
appellant.

GEORGE GILLETTE, (GEORGE W. HESS, of counsel,) for
appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

William L. O'Connell, treasurer of Cook county, filed a bill of interpleader to require the parties interested to litigate and have their interests determined to $10,800 which had been paid to said treasurer as compensation for certain lots that had been condemned by the People's Gas Light and Coke Company. All persons who were supposed to have any interest or claim to the lots condemned were made parties. Certain persons held invalid tax deeds to some of the lots. Among others holding such tax deeds, the city of Chicago had procured deeds to some of the lots under a sale for unpaid special assessments. Other persons held tax deeds under sales for general taxes. The court below held that none of the holders of invalid tax deeds were entitled to reimbursement out of the money awarded as compensation under the Eminent Domain law. Certain individuals holding such invalid tax deeds appealed to this court, and at the June term an opinion was handed down in the case of *O'Connell* v. *Sanford,* 255 Ill. 49, affirming the decision of the court below. The present case is brought up on the separate appeal of the city of Chicago.

In the *Sanford case* we followed and re-affirmed the doctrine of *City of Chicago* v. *Pick,* 251 Ill. 594. The city of Chicago contends in this case that there is a distinction to be made between this case and the *Pick* and *Sanford cases,* because in the case at bar the tax title is held by a municipal corporation. The appeal is brought direct to this court on the ground that to deny appellant reimbursement for the money paid on account of the tax title is to deprive it of its property without due process of law. The *Pick* and *Sanford cases* are decisive of the proposition that natural persons who hold invalid tax deeds are not entitled to reimbursement out of the compensation paid under a condemnation proceeding. The question here is whether a tax title held by a municipal corporation is

subject to the same rule applied to natural persons in the cases above referred to.

A municipal corporation, in the absence of an enabling statute, has no authority to become the purchaser of lands or lots at a tax sale and acquire a title by complying with the statute in respect to such sales. The general power to buy and hold real estate does not authorize such purchase. (*City of Champaign* v. *Harmon,* 98 Ill. 491.) Section 72 of the Local Improvement act authorizes any city, village or town interested in the collection of any tax or special assessment, in default of other bidders, to become a purchaser at any sale of property to enforce the collection of such tax or special assessment, and to make it the duty, by ordinance, of one or more of the municipal officers to attend such sales and bid in behalf of the corporation. Under this section appellant acquired the tax titles in question. The statute under which the city purchased at the tax sales does not make any provision as to the steps to be taken by the city subsequent to the sale in order to entitle it to a deed. The city would have to proceed the same as any other purchaser under the general Revenue law. If the status of appellant is any different from an individual purchaser at a tax sale such difference does not depend upon the statute. So far as we can see, the only effect of section 72 of the Local Improvement act is to permit municipal corporations to purchase real estate, at a sale for taxes or special assessments, in which such municipality is interested. It enables the municipality to acquire title to real estate through a sale for delinquent taxes which it would not have without this statute.

As we understand appellant's argument, it is that the city has a lien upon the lots for the unpaid special assessments and that such lien is not merged in an invalid tax title. This cannot be true, because the city has no lien for taxes or special assessments levied upon property within its corporate limits. Taxes are not a lien unless they

are expressly made so by statute, (2 Cooley on Taxation, 865,) and special assessments stand upon the same footing. (*Eagle Manf. Co.* v. *Davenport,* 101 Iowa, 493.) To authorize a sale of land for taxes or special assessments the lien must exist by the terms of the statute itself or be established by some official proceeding under the statute. (Cooley on Taxation, *supra.*) Municipal corporations have no power to create liens, by ordinance or otherwise, unless such power has been expressly conferred upon them. (*Philadelphia* v. *Greble,* 38 Pa. St. 339.) Section 253 of the Revenue law provides that taxes upon real property shall be a lien from and including the first day of May in the year in which the taxes are levied until the same are paid, and that said lien may be foreclosed in equity in the name of the People of the State of Illinois. Section 56 of the Local Improvement act provides that the judgment of confirmation shall be a lien upon the property assessed from the date thereof, "to the same extent and of equal force and validity as a lien for general taxes, for a period of five years," etc. The liens provided for in these statutes are liens in favor of the people of the State, and not to the various municipalities that may be interested in the taxes. Appellant having no lien upon the premises and no right of subrogation to the lien of the State, its position is not different from that of any other purchaser at a tax sale. In Cooley on Taxation (vol. 2, p. 977,) it is said: "It is not an uncommon provision that if no bidders offer to take the land and pay the tax it shall be bid in for the whole county. In the absence of express statutory authority a city or other municipality could not, however, buy land at a tax sale. A purchase on a bid by the State or county would give the State or county the usual rights of a purchaser and no more." The above text is supported by numerous decisions cited in the note. The effect of a sale of lands for taxes is to extinguish the lien if the property brings the amount of the taxes. The lien only

256 — 5

exists in favor of the people and is discharged when the tax is paid by the sale. There is no way by which the purchaser at a tax sale can avail himself of the extinguished lien of the State when his tax title fails. We see no reason for distinguishing between municipalities which may exercise the privilege of bidding at a tax sale and other purchasers. This case is controlled in all of its essential features by the *Pick* and *Sanford cases.*

The decree of the circuit court of Cook county will be affirmed.

*Decree affirmed.*

DUNN, C. J., and CARTWRIGHT and HAND, JJ., dissenting.