THE SOUTH PARK COMMISSIONERS *vs.* HENRY J. B. BERG
et al.—(WILLIAM L. O'CONNELL, County Treasurer,
et al. Appellees, *vs.* JACOB GLOS et al. Appellants.

*Opinion filed. June 18, 1913—Rehearing denied October 16, 1913.*

EMINENT DOMAIN—*holders of invalid tax titles not entitled to
reimbursement from fund.* Holders of invalid tax titles are not
entitled, in a condemnation proceeding, to receive any part of the
condemnation award to reimburse them for money expended in
acquiring their tax titles or as compensation for their property.
(*City of Chicago* v. *Pick,* 251 Ill. 594, *O'Connell* v. *Sanford,* 255
id. 49, and 256 id. 62, followed.)

APPEAL from the Circuit Court of Cook county; the
Hon. JESSE A. BALDWIN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

GEORGE GILLETTE, (GEORGE W. HESS, of counsel,) for
appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the
court:

Upon the petition of the South Park Commissioners
the lots here in controversy were condemned for park pur-
poses, all the parties to this appeal having been made par-
ties defendant. The amount awarded by the jury ($6210)
was deposited with William L. O'Connell, the county treas-
urer. O'Connell thereafter filed his petition in the circuit
court of Cook county in which he alleged that defendants
Frederick F. and Charles H. Sanford and Marcia Sanford
Critry were the owners of the property condemned and that
he was ready and willing to pay them the money in his
hands, but that Jacob Glos and some of the other defendants
claimed certain interests in the fund by virtue of certain
tax deeds. The prayer of the petition was that defendants
be required to answer and that petitioner be directed to

whom to pay the fund. Frederick F. and Charles H. Sanford and Marcia Sanford Critry answered, admitting the allegations as to their title and denying that Glos and his co-defendants had any claim to the fund. Jacob Glos answered, claiming to own all the lots except one under tax deeds, and Adam S. Glos answered, claiming to own the remaining lot through a tax deed, and each claimed that in case his title be found invalid he was entitled to reimbursement for the amounts expended by him in acquiring his title. The defendants Emma J. Glos, Lucy M. Glos and August A. Timke claimed interests by virtue of deeds and a trust deed, all relating to the tax titles. The tax deeds of Jacob and Adam S. Glos were found to be invalid and they were denied the right to be reimbursed, and petitioner was directed to pay the fund to the Sanfords and Mrs. Critry. This appeal has been perfected from that order.

Appellants' contention that they are entitled to reimbursement of the moneys expended in acquiring their tax titles or to compensation for their property taken under the judgment in the condemnation proceeding is not a new one, nor is the question presented an open one, in this court. Appellants do not contend that their tax titles are valid. The precise question involved here, whether appellants, as the holders of invalid tax titles, are entitled to receive any part of the award in a condemnation proceeding, has recently been decided in *City of Chicago v. Pick,* 251 Ill. 594, *O'Connell v. Sanford,* 255 id. 49, and *O'Connell v. Sanford,* 256 id. 62. The two last named cases were between the same parties to this suit and involved property adjacent to that here in controversy. It is unnecessary to repeat here what was said in those cases. For the reasons there assigned the judgment of the circuit court is affirmed.

*Judgment affirmed.*