THE SANITARY DISTRICT OF CHICAGO, Appellee, *vs.* DANIEL A. MURPHY *et al.*—(JACOB GLOS, Appellant.)

*Opinion filed December 17, 1913—Rehearing denied Feb. 6, 1914.*

1. EMINENT DOMAIN—*holder of invalid tax title not entitled to be reimbursed out of compensation awarded.* The holder of an invalid tax title is not entitled, in a condemnation proceeding against the land, to be reimbursed, out of the compensation awarded, for the money expended in procuring the tax title and for taxes subsequently paid, as his only right to reimbursement is in a proceeding brought by the owner of the land for the purpose of attacking his tax title. (*Chicago v. Pick,* 251 Ill. 594, and *O'Connell v. Sanford,* 255 id. 49, and 256 id. 62, adhered to.)

2. SAME—*a petitioner will not be vested with any interest by acquiring invalid tax titles.* Presumably, when the fee of land is condemned for a public purpose, it is contemplated that the title obtained will be free and clear of encumbrances, but the acquiring of invalid tax titles would not invest the petitioner with any interest in the land.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

EDMUND D. ADCOCK, (P. C. HALEY, and JAMES S. HANDY, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Sanitary District of Chicago filed a petition in the circuit court of Cook county to acquire title to certain real estate by condemnation. It appeared from the records that certain tax deeds were outstanding against the premises, and the petition alleged that "Emma J. Glos, Jacob Glos and August Timke claim to have some interest in said real estate, which interest is unknown to your petitioner." After the service and return of summons Daniel A., Myrtle and Mary Murphy filed a cross-petition, in which they claim to be the owners in fee of the premises as tenants in common. Jacob Glos appeared and entered his motion to dismiss the petition, which was overruled. Thereafter he filed a cross-petition, in which he stated that he had an interest in the premises described in the petition by reason of sales for delinquent taxes and special assessments levied thereon and deeds issued to the appellant in pursuance thereof. A hearing was had on this cross-petition and certain tax deeds and tax receipts were offered in evidence. Glos also sought to show by parol testimony the amount he had paid in taxes subsequent to the sale. The tax deeds and the payment of taxes were not offered for the purpose of proving title, but merely to show that the land had been sold for taxes and that Glos had a tax title claim which constituted a cloud upon the title of the premises, for which he was entitled to compensation. The court sustained objections to this evidence, and afterwards held that the owners of the fee simple title were entitled to the whole amount of damages awarded in the condemnation proceeding. To reverse this judgment Jacob Glos has prosecuted an appeal to this court.

Appellant does not contend that any of his tax titles were valid. His claim is that his tax title is property within the meaning of the law of eminent domain, and that he is entitled to be reimbursed for his expenditures in procuring his tax titles and for taxes afterwards paid on the property. It

is contended that the effect of the condemnation proceeding deprives him of his tax title, and that unless compensation is made therefor he is deprived of his property without due process of law, in violation of the constitutions of the United States and of the State of Illinois. Appellant's contentions were urged upon this court in *City of Chicago* v. *Pick*, 251 Ill. 594, *O'Connell* v. *Sanford*, 255 id. 49, and 256 id. 62. Appellant in his brief makes no effort to distinguish these cases from the case at bar but argues all of the questions involved elaborately, as though they were presented to this court for the first time. In his reply brief reference is made to these previous decisions and some apparent attempt is made to distinguish them. In the *Pick case* this court held that the holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land. The question was there fairly presented whether the holder of invalid tax titles in a condemnation proceeding was entitled to reimbursement, out of the compensation awarded, for the money expended in procuring such tax deeds and for taxes subsequently paid, and that question was answered by this court in the negative. The question here is precisely what it was in the *Pick case* and must be answered in the same way.

It is said in argument that in some of the previous cases an attempt was made to obtain reimbursement from the owner after an award of compensation had been made, without any evidence as to the value of the tax title having been heard on the trial. In reply to this argument it may be said that our previous decisions did not rest upon any such ground. If any such argument was presented it is not mentioned in the opinions filed. Our previous decisions rest on the broader ground that the holder of an invalid tax title is not entitled, in a condemnation proceeding, to reimbursement for his expenditures in connection with his claim of title.

The attempt by the attorney for the sanitary district to show that it was desired in this proceeding to obtain a clear and unclouded title to the premises, if competent, does not distinguish this case from any other condemnation proceeding. Presumably, when the fee of real estate is condemned for a public purpose it is always contemplated that the title obtained will be clear and free from encumbrances. These tax titles, if invalid, could not vest appellant with any interest in the land.

We are unable to distinguish the case at bar from our previous decisions on the question involved. On the authority of the cases above cited the judgment of the circuit court of Cook county is clearly right, and it will be affirmed.

*Judgment affirmed.*