(No. 18995.—

S. S. McCONNELL, Receiver, Appellee, *vs.* REBECCA E. JONES *et al.*—(CHARLES BOARMAN *et al.* Appellants.

*Opinion filed December 20, 1928.*

GEORGE W. LACKEY, for appellants.

J. O. MARTIN, and F. C. MESERVE, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On August 24, 1927, appellee, S. S. McConnell, receiver of the Citizens Bank of Lexington, Tennessee, filed his bill in chancery in the circuit court of Lawrence county to foreclose a trust deed dated December 1, 1917, executed by Rebecca E. Jones and C. E. Jones, her husband, on the northeast quarter of the northwest.quarter of section 23, town 4 north, range 12 west, in Lawrence county, Illinois, to secure the payment of a certain promissory note for the sum of $1200 executed by them, payable December 1, 1918, to the order of the Citizens Bank of Lexington. The bill alleged that the principal sum, with interest thereon from the date of the note, remained due and unpaid; that in September, 1924, McConnell was duly appointed receiver of the Citizens Bank of Lexington by the chancery court of Henderson county, Tennessee, and is still acting as such receiver; that

H. E. Graper, the trustee named in the deed of trust, died September 12, 1924, testate, and his heirs and the executors of his last will and testament were made parties defendant; that complainant is informed and believes that Charles Boarman has or claims some interest in the premises, but that such interest, if any, has been acquired subsequent to the lien of the trustee. Boarman and his wife, Kattie, were made parties defendant to the bill. They answered the bill, denying that complainant was entitled to any part of the relief sought. They also filed a cross-bill, in which they alleged that on the 10th day of June, 1918, the premises in question were sold at public sale for the non-payment of taxes, and that the same not having been redeemed, on July 17, 1920, Lyle Steffeny, county clerk of Lawrence county, made, executed and delivered a tax deed conveying the premises to George M. Highsmith; that on October 28, 1920, Highsmith deeded the premises to the Boarmans as tenants in common. By their cross-bill the Boarmans claimed title in themselves by reason of the tax deed to Highsmith and the deed from Highsmith to them and by reason of a compliance with section 6 of chapter 83 of our statutes and that the trust deed in question was a cloud upon their title. The defendants other than the Boarmans were defaulted. The cause was heard in open court and a decree entered at the February, 1928, term of the court dismissing the cross-bill of the Boarmans and decreeing foreclosure and sale under the trust deed. From this decree the Boarmans have appealed to this court.

The evidence showed the execution and delivery of the trust deed as alleged in the bill, the tax sale, the making of the tax deed to Highsmith, the deed from Highsmith and his wife to the Boarmans, possession taken by Highsmith upon the execution of his deed and the continuance of possession by the Boarmans to the time of the bringing of the suit, the payment of taxes for seven successive years, being the years 1921 to 1927, inclusive, the making of lasting and

valuable improvements upon the premises by the Boarmans
and its occupancy by them as their homestead, as alleged in
the cross-bill.

It is contended by appellants that McConnell, as receiver
of the Citizens Bank of Lexington, had no legal right to
bring this suit. The note to secure which the mortgage
sought to be foreclosed was given was payable to the Citi-
zens Bank of Lexington. Appellee was duly appointed by
the chancery court of Henderson county, Tennessee, as re-
ceiver for the Citizens Bank and directed by the court to
convert into money all property and choses in action of the
bank. The Citizens Bank was the equitable owner of the
trust deed, and its receiver had lawful authority to foreclose
the trust deed in a court of chancery.

It is contended by appellee that before appellants can
avail themselves of the provisions of section 6 of chapter 83
of our statutes they must show seven years' possession prior
to the bringing of the suit after April, 1921, the date up-
on which the first of the seven payments of taxes was
made by appellants. This contention is well founded. Sec-
tion 6 provides: "Every person in the actual possession of
lands or tenements, under claim and color of title, made in
good faith, and who shall, for seven successive years, con-
tinue in such possession, and shall also, during said time,
pay all taxes legally assessed on such lands or tenements,
shall be held and adjudged to be the legal owner of said
lands or tenements, to the extent and according to the pur-
port of his or her paper title. All persons holding under
such possession, by purchase, devise or descent, before said
seven years shall have expired, and who shall continue such
possession, and continue to pay the taxes as aforesaid, so
as to complete the possession and payment of taxes for
the term aforesaid, shall be entitled to the benefit of this
section." (Smith's Stat. 1927, p. 1743.) The possession
which is required by this statute is a seven-year possession,
and the payment of taxes which is required is the payment

during the seven years of all taxes legally assessed on the lands, but seven years must intervene between the time of the first payment of taxes and the date of the bringing of the suit. *Clark* v. *Lyon,* 45 Ill. 388; *Blair* v. *Johnson,* 215 id. 552.

It is the contention of appellants that the court erred in dismissing their cross-bill. By paragraph 210 of the Revenue act as found in Smith's Statutes of 1927, on page 2287, with reference to tax deeds, it is provided: "Deed executed by the county clerk as aforesaid shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs or assigns, to the real estate thereby conveyed of the following facts: First—That the real estate conveyed was subject to taxation at the time the same was assessed, and had been listed and assessed in the time and manner required by law. Second—That the taxes or special assessments were not paid at any time before sale. Third—That the real estate conveyed had not been redeemed from the sale at the date of the deed. Fourth—That the real estate was advertised for sale in the manner and for the length of time required by law. Fifth—That the real estate was sold for taxes or special assessments as stated in the deed. Sixth—That the grantee in the deed was the purchaser or assignee of the purchaser. Seventh—That the sale was conducted in the manner required by law. And any judgment for the sale of real estate for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions, the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments

have been paid, or the real estate was not liable to the tax or assessment: *Provided,* that any judgment or decree of court, in law or equity, setting aside any tax deed procured under this act, or restoring the owner of same to possession shall provide that the claimant shall pay to the party holding such tax deed * * * all taxes and legal costs, as provided by law. * * * No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed."

While the tax deed is *prima facie* evidence of the facts stated in the seven clauses of the paragraph above quoted, it is not *prima facie* evidence of the fact that a notice has been given in compliance with paragraph 202 of the act, or that a proper affidavit as to such notice has been filed in compliance with paragraph 203 of the act. Before a tax deed can be held valid there must be evidence in the record that there has been a compliance with the provisions of these two paragraphs. (*City of Chicago* v. *Collin,* 316 Ill. 104; *City of Chicago* v. *Collin,* 302 id. 270.) When appellants sought to introduce the tax deed in evidence no objection was made to its introduction on the ground that these paragraphs of the statute had not been complied with. The attorney for the appellee made the following objection: "The specific objection to this deed is that it includes several transfers and that it is contrary to law—about five or six tracts included." This objection was not well taken, as paragraph 206 provides: "When any person shall hold more than one certificate of purchase at the same sale, and for the same year's tax or special assessment, the clerk shall,

on the request of the holder of such certificate, include as many tracts or lots described therein in the deed of conveyance as such person may desire." Appellee, however, in his answer to the cross-bill, had denied all the material allegations of the cross-bill, and, among other things, averred that the tax deed "was not executed in compliance with the statute of the State of Illinois and is null and void and of no effect." This cast upon appellants the burden of proving the validity of the tax deed. While an affidavit for the tax deed was present in court and mentioned by the attorneys for both sides and was admitted in evidence subject to an objection made by appellants' attorney, neither the affidavit itself nor its substance is set forth either in the record or in the bill of exceptions. We are therefore unable to find that this affidavit complied with the provisions of the statute and that the tax deed was valid. If the tax deed was valid it constituted a good defense to appellee's bill and entitled appellants to the relief sought by their cross-bill.

Taxes levied upon real estate become a charge upon the land itself, and if they are not paid the land may be sold for the taxes due thereon, and the title will pass regardless of any incumbrance resting upon the land. (*Cooper* v. *Corbin,* 105 Ill. 224; *People* v. *Evans,* 262 id. 235.) If the tax deed was void, then, under the provisions of paragraph 210 above set forth, before appellee was entitled to a decree setting aside such tax deed and for a foreclosure of his mortgage, free from appellants' claim for taxes paid, it was necessary that appellee should make reimbursement to appellants for the payments of all taxes and legal costs which appellants had paid. This, appellee neither did nor offered to do. The decree does not require him to make such reimbursement, and it is therefore erroneous.

The decree of the circuit court is reversed and the cause is remanded generally.         *Reversed and remanded.*