In re CLARK REALTY CO.

RICHTER v. GOETZ.

(Circuit Court of Appeals, Seventh Circuit. August 13, 1918. Rehearing Denied November 19, 1918.)

No. 2553.

1. BANKRUPTCY ⊘314(6)—TAX CERTIFICATES—PAYMENTS.
    Under Bankruptcy Act, § 64a (Comp. St. 1916, § 9648), providing for the payment of taxes, it is the duty of the trustee in bankruptcy to pay tax certificates issued to purchasers, when premises of the bankrupt which were subject to mortgage were sold for nonpayment of state taxes.

2. JUDGMENT ⊘668(1)—CONCLUSIVENESS—PERSONS CONCLUDED—CAPACITY.
    Though petitioner was party to a proceeding wherein the petition of the mortgagee to compel the trustee to pay tax certificates was denied, held, that petitioner, having acquired the certificates, was not estopped by that decision from securing payment, as he was seeking relief in a new capacity.

3. BANKRUPTCY ⊘322—PROCEEDINGS—PAYMENT OF TAX CERTIFICATES.
    Though petitioner was allowed to prove against the bankrupt's estate for the difference between the indebtedness due and the value of property covered by mortgage securing the debt, and for the purpose of computing such value the amount of outstanding taxes was deducted, held, petitioner, having acquired tax certificates, was entitled to have the same paid out of the general estate, but the claim for difference should be reduced.

4. BANKRUPTCY ⊘324—TAX CERTIFICATES—INTEREST.
    The holder of tax certificates on mortgaged property belonging to a bankrupt estate held limited in the way of interest to 6 per cent. per annum.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

In the matter of the Clark Realty Company, bankrupt. On petition by August Richter, Jr., trustee, to compel Julius J. Goetz, trustee in bankruptcy, to pay certain tax certificates, etc. From an order of the District Court, affirming an order of the referee denying the relief sought, petitioner appeals. Reversed, with directions.

See, also, 148 C. C. A. 342, 234 Fed. 576.

Appellant, named as trustee in a certain mortgage given by the bankrupt, Clark Realty Company, for $150,000, petitioned the court to compel appellee, trustee in bankruptcy of the Clark Realty Company, to pay certain taxes assessed in 1913, and which became due and payable January 1, 1914. The premises were sold for nonpayment of taxes and tax certificates were duly issued to the purchasers pursuant to the statutes of the state of Wisconsin governing that subject. In the year 1917 appellant purchased these tax certificates and they were duly assigned to him.

The mortgagor, Clark Realty Company, was duly adjudged a bankrupt on February 3, 1914, and appellee was named its trustee in bankruptcy April 3, 1914. Appellee immediately took possession of the property covered by the mortgage and collected the rents until August 28, 1914, when he surrendered and abandoned the property pursuant to an order of the court.

Appellant petitioned the court to order appellee to pay him the amount represented by the tax certificates, with such interest as under the statutes of Wisconsin such a holder is entitled to recover. The District Court, affirming the order of the referee, denied the relief sought, and this appeal resulted.

⊘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appellee relied upon a previous decision of the District Court, affirmed by this court. 234 Fed. 576, 148 C. C. A. 342. In that application appellant sought to have the court direct appellee to pay these same taxes, out of the rents and profits by appellee collected, to the then holders of the tax certificates.

Leo Mann, of Powell, Wyo., and Lines, Spooner & Quarles, of Milwaukee, Wis., for appellant.

Lawrence A. Olwell, of Milwaukee, Wis., for appellee

Before BAKER and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). [1] As the holder of the tax certificates, appellant was, in the absence of any showing of special circumstances barring him from enforcing such a right, entitled to an order directing the payment of such taxes out of the estate of the bankrupt. His right to such payment was not limited to the fund realized out of the rents and profits collected by the trustee from the lands covered by the mortgage. The duty of the trustee to pay the taxes is clearly set forth in section 64a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. 1916, § 9648]), which reads as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax, the same shall be heard and determined by the court."

Commenting upon this statute the court says in Dayton, Trustee, v. Stanard, Treasurer of Pueblo County, 241 U. S. 588, 36 Sup. Ct. 695, 60 L. Ed. 1190:

"Considering the plain provision in section 64a of the Bankruptcy Act of 1898 that 'the court shall order the trustee to pay all taxes legally due and owing by the bankrupt * * * in advance of the payment of dividends to creditors,' * * * we entertain no doubt of the propriety of requiring that the certificate holders, who had paid the taxes and assessments at the sales, be reimbursed upon the cancellation of their certificates, or of requiring that the reimbursement be out of the general assets. The taxes and assessments were not merely charges upon the tracts that were sold, but against the general estate as well."

This statute and the construction placed upon it by the court is but another expression of the policy of the United States to exact priority in favor of the United States, the state, county, or municipality, in all cases of taxes where insolvency has intervened.

[2] Appellee contends, however, that appellant is estopped by the decision in Re Clark Realty Co., 234 Fed. 576, 148 C. C. A. 342.

We think otherwise. While the parties in that proceeding were the same in name as in the proceeding now before us, and the relief sought was somewhat similar, the facts upon which the petitioner now relies differ materially from the facts disclosed in the petition in the former proceeding. In the former application appellant was not the holder of the tax certificates. The application was there made by a mortgagee to have the court direct the trustee to redeem certain tax certifi-

cates held by a third party out of a special fund collected by the trustee in bankruptcy. While the court on such an application could have granted the relief, its refusal so to do was not, upon the facts shown, error. Quite different would have been the situation had the applicant been (as he now is) the certificate holder. Petitioner now seeks relief as the holder of the tax certificates. Consequently the petitioner, though the same in name, is legally a different party, because he is suing in a different capacity and upon a legal demand which was not and could not properly be included in the earlier proceeding. Under the section and the decision quoted above, the petitioner, therefore, is entitled to have the assets of the bankrupt devoted to the payment of the taxes.

[3] Appellee further claims that if the relief is granted, two allowances for the same claim will have been made. This contention results from the filing and allowance of a claim in appellant's favor for the difference between the admitted indebtedness of the bankrupt to appellant and the value of the security covered by the mortgage. In determining this difference the court deducted from the fair valuation of the property covered by the mortgage the amount of the outstanding taxes. This allowance was made when the tax certificates were in the hands of third parties. Under such circumstances the court properly deducted the outstanding tax certificates from the value of the security. But appellant by subsequently acquiring the tax certificates should not be barred from collecting them. He is entitled to receive the sum represented by the certificates, but his claim representing the difference between the amount of the bankrupt's indebtedness to him and the value of the security, should be reduced in accordance with the provisions of sections 57k and 57l of the Bankruptcy Act (Comp. St. 1916, § 9641) to the extent of these tax certificates.

[4] While entitled to recover the amount due as taxes, appellant is limited in the way of interest to 6 per cent. per annum. Dayton, Trustee, v. Stanard, Treasurer of Pueblo County, supra.

The decree is reversed, with directions to enter an order in accordance with this opinion.

NOTE.—Judge KOHLSAAT concurred in the foregoing conclusions, but died before the opinion was prepared.