(Nos. 14069-14088.—Reversed and remanded.)

THE CITY OF CHICAGO, in trust, *vs.* GUILLAUM COLLIN *et al.*—(ANNA M. CONDON, JACOB GLOS and LUCY M. GLOS, Appellants.)

*Opinion filed February 22, 1922—Rehearing denied April 6, 1922.*

1. TAX DEEDS—*amendment of 1919 to section 224 of Revenue act is not invalid.* The amendment of 1919 to section 224 of the Revenue act, providing that no final judgment shall be entered in a condemnation proceeding until the holders of any tax deeds which are set aside are reimbursed out of the compensation to be paid, applies only to void tax deeds and is not subject to the objection that in effect it limits the right to resort to the courts, as the statute does not require reimbursement to be made until the claim thereto is established.

2. SAME—*holder of void tax deed has no property right in the land.* The lien of the State for taxes is paramount and superior to any other lien or any property right and continues even where the property has been forfeited for want of bidders, but the lien is discharged by a sale, and the purchaser who obtains a void tax deed has no property right in the land, either legal or equitable.

3. SAME—*amendment of 1919 to section 224 of the Revenue act does not apply to a pending proceeding for condemnation.* The amendment of 1919 to section 224 of the Revenue act, providing that no final judgment shall be entered in a condemnation proceeding until the holders of tax deeds which are set aside are reimbursed out of the compensation for the land, does not apply to a proceeding in which the petition was filed before the amendment was passed, as the right of the owner to compensation becomes vested when the petition is filed and cannot be impaired by subsequent legislation.

4. STATUTES—*retrospective operation cannot be given to statute if vested rights are affected.* Statutes are not to be given retrospective operation except where it is manifest the legislature intended they should have such operation, and it is not within the power of the legislature to give such operation to an act where it will affect existing or vested rights.

5. EMINENT DOMAIN—*owner's right to compensation becomes vested when petition is filed.* In a condemnation proceeding the land is regarded as taken for public use at the time of filing the petition, the compensation is measured by the value of the land at that time, and the owner of the land then has an immediate, fixed and determinate right to any compensation that may be allowed.

6. SAME—*liens against land taken for public use are transferred to the compensation fund.* A petitioner for condemnation may dismiss the petition, and in such case or in case of failure to pay compensation he must pay costs, expenses and attorney's fees; but if payment of compensation is made the money represents the value of the land when the petition was filed, and liens or claims are transferred to that fund.

APPEAL from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding.

J. KENT GREENE, (E. J. PRICE, and E. H. KUBITZ, of counsel,) for Anna M. Condon.

JOHN R. O'CONNOR, and ALBEN F. BATES, for Jacob Glos and Lucy M. Glos.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 19, 1918, the city of Chicago filed in the circuit court of Cook county its petition praying the court to cause to be ascertained the compensation to be paid for a large number of lots in the city of Chicago described in the petition, to be appropriated to school purposes. While the suit was pending an act was passed which took effect July 1, 1919, amending section 224 of the Revenue act so as to provide that any judgment or decree of court, in law or equity, setting aside any tax deed procured under the act or restoring the owner of the same to possession, should provide that the claimant should pay to the party holding such deed all taxes and legal costs, with interest, together with subsequent taxes and special assessments paid and the statutory fee and costs incurred and other specified items, and that no final judgment or decree of court in any case, either at law or in equity, or in proceedings under the Eminent Domain act involving the title to or interest in any land in which such party holding such tax deed should have an interest, or setting aside any tax deed procured under the act, should be entered until the claimant should make

reimbursement to the party holding such tax deed and pay-
ments as therein provided, in so far as it should appear that
the holder of such deed or his assignors should have prop-
erly paid or be entitled to in procuring such deed. (Laws
of 1919, p. 762.) Upon a trial a verdict was returned on
February 17, 1920, finding the just compensation for cer-
tain lots to be $4800 and for certain other lots $1800. On
March 15, 1920, judgment was entered on the verdict, and
the petitioner was ordered to pay to the county treasurer
the compensation allowed for the several parcels, as pro-.
vided by statute, for the parties entitled thereto. On April
8, 1920, J. Kent Greene and Anna M. Cann filed their peti-
tions for portions of the fund, Greene alleging that he was
the owner of the lots for which compensation of $1800
had been allowed and Anna M. Cann alleging that she was
the owner of the lots for which compensation of $4800
had been allowed, by deed from Oscar E. Leinen, one of
the defendants in the condemnation suit. The city of Chi-
cago answered the petitions, claiming portions of the fund
by virtue of tax deeds under sales for installments of spe-
cial assessments. It was stipulated that the property de-
scribed in the two petitions had been sold at various times
to the city of Chicago for delinquent special assessments,
and that out of the funds deposited with the county treas-
urer there should be paid to the city $759.48, and Greene
and Anna M. Cann (who had been married and whose name
is now Anna M. Condon) agreed upon the portions charge-
able to each. The petitions were also answered by Jacob
Glos and Lucy M. Glos, claiming ownership of the fund by
virtue of tax deeds. The petitions and answers were re-
ferred to a master in chancery, who took the evidence and
reported that Greene and Anna M. Condon were the own-
ers, respectively, of the lots claimed; that the tax deeds
of Jacob Glos and Lucy M. Glos were void; that there
was due to Greene $1631.22 after allowing $171.78 to the
city of Chicago; that there was due to Anna M. Condon

$4215.30 after allowing $587.70 to the city of Chicago; that Jacob Glos was entitled to $1008.18 for reimbursement on his tax claims and Lucy M. Glos was entitled to $579.48 on account of her tax claims. On a hearing on exceptions to the report the findings were approved, but one-half of the master's fees of $357.50 was taxed to Jacob Glos and Lucy M. Glos, to be paid out of the fund, leaving the net amount payable to Jacob Glos $894.68 and to Lucy M. Glos $514.23. It was stipulated that the charges for the tax claims were to be made against Anna M. Condon, and she appealed from the order. Jacob Glos and Lucy M. Glos assigned cross-errors, each one specifying twenty-six particulars in which it was alleged that the court erred. They also appealed, and the appeals have been consolidated and all errors and cross-errors will be disposed of without particular reference to them.

The validity of the act is questioned on the same ground as the act of 1861, which required a deposit of the redemption money and interest as a condition precedent to questioning the validity of a tax deed, which was held unconstitutional. (*Wilson* v. *McKenna*, 52 Ill. 43; *Reed* v. *Tyler*, 56 id. 288.) That act prohibited a resort to the courts to determine rights unless payment should be made before the right had been determined, which was said to be equivalent to compelling a party to buy justice and perhaps to prevent a poor person from obtaining an adjudication of his rights. The objection does not apply to the amendment, which does not limit the right to resort to the courts, and it is only upon a determination of the existence of the claim that reimbursement must be made. It only applies to cases where tax deeds are void, because if they convey title there would be no question of reimbursement.

The act amending section 224 was passed after the petition for condemnation had been filed and before the judgment, and it is clear from the provision that no final judgment or decree should be entered until reimbursement should

3C2—18

be made to the party holding a tax deed, that it applied to
pending causes and the reimbursement provided for could
be made by a provision in the judgment or decree. It was
in the nature of an act affecting the remedy, and might be
applied to existing causes of action or pending suits pro-
vided it did not disturb or impair vested rights.   While
the general rule is that statutes are not to be given retro-
spective operation except where it is manifest that the legis-
lature intended they should have such operation, it is not
competent for the legislature to give such operation to an
act where it will affect existing or vested rights.   (*Conway*
v. *Cable,* 37 Ill. 82; *Dobbins* v. *First Nat. Bank of Peoria,*
112 id. 553.)   A vested right is an immediate fixed right
of present or future enjoyment, (*Young* v. *Jones,* 180 Ill.
216,) and in this case the nature of the proceeding and
the provisions of the act concerning eminent domain must
be considered.   In ordinary litigation the rights of parties
are determined when the judgment is entered, but there are
material differences in case of taking private property for
public use by condemnation proceedings.   It is a condition
to the exercise of the right that the authorities seeking to
appropriate the property shall first attempt to agree with
the owner on the compensation, and it is only upon a fail-
ure to agree that a petition may be filed.   If there had
been such agreement in this case the owner of the prop-
erty would be entitled to the full compensation.   The lien
of the State for taxes is paramount and superior to any
other lien or any property right, and the lien against real
property continues even where the property has been for-
feited for want of bidders; (*Biggins* v. *People,* 106 Ill.
270;) but the lien is discharged by a sale, and the purchaser
who obtains a void deed has no property right in the land,
either legal or equitable.   (*Miller* v. *Cook,* 135 Ill. 190;
*O'Connell* v. *Sanford,* 256 id. 62; *City of Chicago* v. *Gage,*
268 id. 232.)   The city of Chicago and the owners of the
property not being able to agree upon the amount of com-

pensation to be paid, the city filed its petition to have the amount determined. In law the land was regarded as taken for the public use at that time, and the compensation was measured by the value of the land on the day the petition was filed. (*South Park Comrs.* v. *Dunlevy,* 91 Ill. 49; *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 id. 97; *Chicago, Evanston and Lake Superior Railroad Co.* v. *Catholic Bishop,* 119 id. 525; *Calumet River Railway Co.* v. *Moore,* 124 id. 329; *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.* 141 id. 140; *Chicago and State Line Railway Co.* v. *Mines,* 221 id. 448.) A petitioner may dismiss the petition, and in case of such dismissal or failure to make payment must pay costs, expenses and attorney's fees, but if payment is made, as it was here, the money represents the value of the land when the petition was filed and liens or claims are transferred to the fund. (*Colehour* v. *State Savings Institution,* 90 Ill. 152.) The essential feature of the proceeding is to fix the amount of compensation as to which the parties have failed to agree. By virtue of the provision of the Eminent Domain act and the law applied thereto, the owner of land sought to be taken for public use acquires on the day the petition is filed an immediate, fixed and determinate right to any compensation that may be allowed and paid in the future and which takes the place of the land condemned. The right of the owners of the lots taken in this case was therefore a vested right, which could not be impaired by subsequent legislation providing that a portion of the compensation should be paid to others.

Anna M. Condon moved the court to tax all the master's fees against Jacob Glos and Lucy M. Glos and offered the affidavit of J. Kent Greene stating reasons in support of the motion, but the court excluded the affidavit and denied the motion. There was no reason for referring the petition to a master, but the record shows that the reference was made upon the motion of Greene as solicitor for Anna

M. Condon and himself, and we cannot say from the record that anything which occurred before the master would require the taxing of all of his charges to 'Jacob Glos and Lucy M. Glos. As no allowance is to be made to Jacob Glos and Lucy M. Glos, the cost taxed to them will not be taken out of the fund but will be taxed against them personally.

The decree is reversed and the cause remanded.

*Reversed and remanded.*