THE CITY OF CHICAGO *vs.* GUILLAUM COLLIN *et al.*—(JACOB GLOS *et al.* Appellants, *vs.* ANNA M. CONDON *et al.* Appellees.)

*Opinion filed February 17, 1925.*

1. EMINENT DOMAIN—*when question of remuneration to holders of tax deeds is settled by former decision.* Where the Supreme Court, on appeal, decides that the statutory provision for reimbursing the holders of void tax deeds upon the payment of compensation in a condemnation proceeding does not apply to a proceeding pending when the statutory provision took effect and that the tax deed holders are not entitled to reimbursement in such proceeding, such question is not open for reconsideration on remandment of the cause, but upon the question of ownership of the property the parties are entitled to a jury trial, and the tax deed holders may, if they can, show title by their tax deeds.

2. SAME—*parties must prove validity of tax deeds under which they claim title.* Where the question of title is raised in a condemnation proceeding and a party claiming title has introduced a deed from the last record owner, parties claiming title by virtue of tax deeds have the burden of proving the validity of their tax

deeds, and the burden is not on the other party to prove the tax deeds void.

3. SAME—*what is not sufficient to establish title in holders of tax deeds.* In a condemnation proceeding, holders of tax deeds do not prove title where they merely introduce their tax deeds and proof as to the amount they have paid out in obtaining the same, and where they produce no evidence of compliance with the provisions of sections 216 and 217 of the Revenue act with reference to notice and affidavit and show no precept or judgment the court is warranted in declaring the tax deeds void as to parties showing title by virtue of deeds from the last record owner.

4. SAME—*petitioner claiming title to property condemned need not make parties defendant to petition.* One who files a petition claiming title to property involved in a condemnation proceeding need not make anyone a party to the petition but is only required to establish title under the petition, and it is the duty of other claimants to do likewise.

5. RES JUDICATA—*former appeal is res judicata of all questions of law that might have been presented.* Where litigation is prosecuted to an appellate tribunal and questions of law are decided, all questions relating to the same subject matter which were open to consideration and could have been presented are *res judicata* on a second appeal, whether they were presented or not and whether or not the judgment was affirmed or was reversed and the cause remanded.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

J. KENT GREENE, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

On March 15, 1920, judgments in condemnation proceedings were obtained in favor of the city of Chicago, in trust for the use of the schools, against certain lands, including the lands involved in this proceeding, to-wit, lots 4, 45 and 46, in block 1, in John Nelson's subdivision of the

southwest quarter of the northwest quarter of the northeast quarter of section 4, township 39, north, range 13, east of the third principal meridian, and lots 27 to 34, inclusive, in the same block, all situated in the city of Chicago. The petition for condemnation was filed October 19, 1918. The petitioner was ordered to pay to the county treasurer, as full compensation to the owners and parties interested in the first three lots above named and for all private interests in the alleys abutting said premises, the sum of $1800, together with $3 as costs of suit, and for the benefit of the owners and parties interested in the other eight lots the sum of $4800, together with $3 as costs of suit. The taking over of the property by the city of Chicago for the use of the schools occurred some time after the judgments of condemnation and previous to April 8, 1920. On the latter date J. Kent Greene filed his petition in the circuit court of Cook county in the condemnation proceedings claiming to be the owner of lots 4, 45 and 46, together with the improvements thereon, and praying for an order on the county treasurer to pay to him the amount of $1803, less any sums of money that may be due to any of the other defendants in the condemnation proceedings for liens upon the premises. Anna M. Cann (now Anna M. Condon) filed a similar petition with the court, claiming to be the owner of the other eight lots by virtue of a deed of conveyance from Oscar E. Leinen, one of the defendants in the condemnation proceedings, executed and delivered to her December 16, 1919. She was not made a party to the condemnation proceedings, but Greene was made a party thereto and claimed title by virtue of a warranty deed from Leinen and wife to him to the three lots, executed and delivered to him September 16, 1910. The petitions were answered by Jacob Glos and Lucy M. Glos, claiming ownership of both funds by virtue of tax deeds. The petitions and answers were referred to a master in chancery, who took the evidence and reported that Greene and Anna M.

Condon were the owners, respectively, of the lots claimed; that the tax deeds of Jacob Glos and Lucy M. Glos were void; that there was due to Greene $1631.22 after allowing $171.78 to the city of Chicago; that there was due to Mrs. Condon $4215.30 after allowing $587.70 to the city of Chicago; that Jacob Glos was entitled to $1008.18 for reimbursement on his tax claims and Lucy M. Glos was entitled to $579.48 on account of her tax claims. On a hearing on exceptions to the report the findings were approved, but one-half of the master's fees of $357.50 was taxed to Jacob Glos and Lucy M. Glos, to be paid out of the fund, leaving the net amount payable to Jacob Glos $894.68 and to Lucy M. Glos $514.23. It was stipulated that the charges for the tax claim were to be made against Mrs. Condon, and she appealed from the order. Jacob Glos and Lucy M. Glos assigned cross-errors. They also appealed, and all the appeals were consolidated and all errors and cross-errors were disposed of, "without particular reference to them," by this court at the February term, 1922, in which decision the decree of the circuit court was reversed and the cause remanded, as will be found by reference to *City of Chicago* v. *Collin*, 302 Ill. 270. This court denied a rehearing at the April term, 1922. We refer to that decision for a more complete statement of the facts and the issues therein decided. After remandment of the cause the mandate of this court was filed in the lower court May 1, 1922. The circuit court then ordered that the petition of Mrs. Condon, and the issues formed thereon, be submitted to a master in chancery of the court for the sole and only purpose of determining whether she was the owner of the real estate described in her petition and for determining whether or not Jacob Glos and Lucy M. Glos were the owners of portions thereof. The master, Samuel A. Andalman, was directed to consider the evidence taken before him at the former hearing of this petition, the answers, and such other evidence as any of the parties might pro-

duce as to ownership, and that the evidence be confined exclusively to the question of ownership. The attorney for Mrs. Condon presented to the master in chancery the master's report made by him on the former submission and the evidence attached to that report. He also offered in evidence a certified copy of the opinion of the Supreme Court above cited. (302 Ill. 270.) Jacob Glos then offered in evidence a quit-claim deed executed by himself and wife, Emma J. Glos, conveying to Emma J. Glos, Clara G. Bates, Albert Glos, Walter A. Glos and Mabelle Glos, as joint tenants, "all that particular interest and estate in land situated in the county of Cook and State of Illinois which the said grantors have acquired by virtue of and by *mesne* conveyances under taxes heretofore recorded in Cook county, Illinois, excepting, however, such of said interest and estate as they have already conveyed by deed of record at the date hereof, situated in the county of Cook and State of Illinois," which deed bears date December 31, 1919. The attorney for Jacob Glos also introduced in evidence on behalf of Emma J. Glos a quit-claim deed by Jacob Glos to Walter A. Glos to all interest in the undivided three-quarters of lots 4, 45 and 46 and also to the other lots, dated October 18, 1918, and recorded October 21, 1918. This was all the evidence allowed on behalf of Jacob Glos, Emma J. Glos or Lucy M. Glos, except that they introduced a deed of one of the grantors in the chain of title of Mrs. Condon to part of the lots condemned, and that evidence was immediately rebutted by the introduction of two other deeds showing that the lots were subsequently reconveyed to the same grantor of Mrs. Condon. At the time the lower court ordered this cause re-submitted for further evidence the petitioner objected to such reference or to the further taking of evidence upon the ground that the Supreme Court had completely and finally disposed of all matters in issue by its decision aforesaid. The appellants objected to the court limiting further inquiry and evidence to the question of title

to the premises, only, contending that there should be an inquiry also as to the question whether or not appellants were entitled to remuneration for the amount of taxes, etc., paid in securing their tax deeds. The master found from the evidence before him that Mrs. Condon was the sole owner of the real estate described in her petition at the date of the taking over of the real estate by the city of Chicago. Objections to the report by appellants were overruled by the master and stood as exceptions before the court. The court approved the report and entered a decree finding Mrs. Condon was the owner of the lots described in her petition and taken over by the city of Chicago for the use of the schools; that the tax deeds of appellants are null and void and that neither of them is entitled to any portion of the fund deposited with the county treasurer; that the city of Chicago is entitled to the sum of $619.90 out of the fund in addition to the $587.70 heretofore paid to it, for taxes, forfeitures, etc., and that Mrs. Condon or her attorney, J. Kent Greene, is entitled to the remainder of the fund, amounting to $3595.40, and the county treasurer is ordered to disburse the fund accordingly, and to tax all cost of the second reference to the master, amounting to $216.05, to Jacob and Lucy M. Glos, who have prosecuted this appeal.

The first question arising on this appeal is as to what questions were decided by this court on the former appeal and as to whether or not that decision finally disposed of all matters before the court, and if so, whether or not the parties were entitled to any further trial before the lower court, etc. On examination of the decision it is clear that this court decided that the owner of these lots on the day the petition for condemnation was filed had a vested right in them which could not be impaired by any subsequent legislation passed while that suit was pending, and that as against such owner, Oscar E. Leinen, no then owner of void tax deeds for such lots would be entitled to any re-

muneration for the taxes, etc., paid in securing the same. In accordance with such holding it was further held that appellants, Jacob Glos and Lucy M. Glos, were not entitled to any of the fund paid into the county treasury for such lots as remuneration for taxes, etc., paid by them in securing their tax deeds. This is clear from a reading of the concluding sentence of the opinion, to-wit: "As no allowance is to be made to Jacob Glos and Lucy M. Glos, the cost taxed to them will not be taken out of the fund but will be taxed against them personally." This court further said: "There was no reason for referring the petition to a master, but the record shows that the reference was made upon the motion of Greene, as solicitor of Anna M. Condon and himself, and we cannot say from the record that anything which occurred before the master would require the taxing of all of his charges to Jacob Glos and Lucy M. Glos." The proceeding before the circuit court with reference to the fund for distribution in the hands of the treasurer was regarded not as a proceeding in equity but as a proceeding at law. No objection of that kind was made in this court, and the court decided all contentions in that record against the appellants. This court decided all questions before it at that time and reversed the judgment of the court and remanded the cause. This is apparent from the language of the opinion in which it is stated: "All errors and cross-errors will be disposed of without particular reference to them." It was therefore also decided by this court that Anna M. Condon was the owner in fee of the lots on the evidence then in the record. The lower court properly decided that the question of title, only, was to be settled by it on the remandment of the cause. This is so because the question of remuneration under the tax deeds was absolutely and finally disposed of by this court in the former decision, because it was a question of law settled by the court and no right of trial by jury was involved. On the question of title, on remandment the parties were entitled

to a jury, if such was demanded, as appellants had a right to show that they had title to the lots by their tax deeds. This is so because several questions of fact might arise on another trial in case appellants sought to prove that they had complied with every requirement under the law to entitle them to tax deeds.

The evidence in the record is substantially the same on this appeal as it was on the former appeal. No jury was demanded. There was no objection to the reference to the master except as aforesaid, and no question was made in the lower court, and none is made in this court, as to his costs and charges being taxed as legal costs in this case. So the only questions for us to pass upon on this record are, first, as to whether or not Anna M. Condon was the fee simple owner of any part of the lots; and second, as to whether or not appellants are owners of any part of the lots in fee simple.

Our decision must necessarily be the same on this appeal as it was on the former appeal, that Anna M. Condon was the fee simple owner of the lots described in her petition, as the evidence in the record is substantially the same. This court having expressly decided that Oscar E. Leinen had a vested right in the lots of Mrs. Condon on the date the petition for condemnation was filed and that no then owner of void tax deeds would be entitled to any remuneration for the taxes, etc., paid in securing the same, Mrs. Condon necessarily succeeded to all such vested rights of Leinen by her deed from him to the lots, executed December 16, 1919, after the petition for condemnation was filed, as we held in our former decision. Fee simple title in Leinen to the lots now owned by Mrs. Condon, subject to certain liens in favor of Almina E. Wessling and J. Kent Greene, was established by the introduction of a certain decree in the circuit court of Cook county dated January 19, 1907, in a proceeding by Leinen against Almina E. Wessling and others under the Burnt Records act and the complete record in

that proceeding. The petition in the burnt records proceeding in evidence sets forth the complete chain of Leinen's title, beginning with the patent of the government of the United States, showing a connected chain of conveyances therefrom vesting title in him. The circuit court found the allegations true, and decreed, in substance, that Leinen was the owner in fee simple of said lots, subject to the liens aforesaid, as against the whole world except Jacob Glos, Emma J. Glos, Lucy M. Glos and others holding certain tax deeds for and interests in the same, as to whom the proceeding was dismissed. It is virtually conceded in this case that said decree vested title in fee simple in Leinen except as to the parties interested in the tax deeds and who were dismissed as parties to that proceeding.

The claim of appellants in this case is that that decree of the circuit court is void as to them, as the proof in this record does not establish the fact that their tax deeds are void, and that the burden of establishing such fact was on Anna M. Condon. This is a misconception of the law. Mrs. Condon established her title when she introduced her deed from Leinen, and the burden was then cast upon appellants to prove the validity of their tax deeds. There is no more reason for asserting that Mrs. Condon had the burden of showing the invalidity of appellants' tax deeds, than for the assertion that the burden was on appellants to establish that Mrs. Condon had no title to the premises. Appellants merely introduced their tax deeds and proof as to the amount they had paid out in obtaining the same, for taxes, penalties, etc. Such proof is altogether insufficient to establish any title whatever in the holders of the tax deeds. Under section 224 of the Revenue act a tax deed executed by a county clerk is only *prima facie* evidence of these facts: First, that the real estate conveyed was subject to taxation at the time assessed and had been listed and assessed in the time and manner required by law; second, that the taxes or special assessments were not paid at any

time before sale; third, that the real estate conveyed had not been redeemed from sale at the date of the deed; fourth, that the real estate was advertised for sale in the manner and for the length of time required by law; fifth, that the real estate was sold for taxes or special assessments, as stated in the deed; sixth, that the grantee in the deed was the purchaser or assignee of the purchaser; and seventh, that the sale was conducted in the manner required by law. There was no evidence in the record that there had been a compliance with the provisions of section 216 of the Revenue act with reference to notice. There was no evidence that Jacob Glos had made an affidavit for a tax deed, as required by section 217 of the Revenue act. No precept or judgment is shown. The court, therefore, was warranted in declaring the tax deeds void. *Gilbreath* v. *Dilday,* 152 Ill. 207; *Gage* v. *Nichols,* 135 id. 128.

Appellants re-argue the question that they are entitled to remuneration under their tax deeds, and make reference to the fact that an application to register title to the lots in controversy under the Torrens act was made by Oscar E. Leinen in 1909, and that there was an offer in that proceeding to do equity by reimbursing the holders of the void tax titles. The evidence in the record concerning that is to the effect that that proceeding was abandoned, although it appears that the proceeding was never dismissed by Leinen in his lifetime. Leinen is dead and the proceeding as to him abated by his death. The former decision of this court, however, is conclusive of all of appellants' rights to claim remuneration under the tax deeds, as it was decided in that case that they were not entitled to any remuneration out of the funds. The rule of law is, that when litigation is prosecuted to an appellate tribunal and questions of law are decided, all such questions relating to the same subject matter which were open to consideration and could have been presented are *res judicata,* whether they were presented or not. This is true whether the judgment was reversed and

316—8

the cause remanded or the judgment affirmed. (*Lusk* v. *City of Chicago,* 211 Ill. 183; *People* v. *Waite,* 243 id. 156; *Village of Oak Park* v. *Swigart,* 266 id. 60.) As a matter of fact, the evidence as to Leinen's application for registration of his title was in the former record and this court necessarily passed upon that question. There was therefore no occasion for the circuit court of Cook county to order the funds paid into the hands of the county treasurer, to abide the result of the proceeding to register title under the Torrens act, as that suit has abated and is abandoned. Besides, appellants are by the former judgment of this court estopped to raise that question in this proceeding.

There is no merit in the contention that Anna M. Condon was required to make as parties defendant to her petition Walter A. Glos, Emma J. Glos, or any of the other grantees named in the two quit-claim deeds executed by Jacob Glos and wife. These deeds only purported to convey an interest in land or lots acquired by Jacob Glos under the same tax deeds held void by the lower court. They were all recorded after the condemnation suit was brought, and they were bound by the litigation condemning the lots and by the order of the court entered therein as to the funds. If they wanted to litigate their right to the funds they had a right to do so by going into the circuit court as did Mrs. Condon and other appellees and make whatever claim to the funds they had, if any. Mrs. Condon made no one a party to her petition, and she was not required to do so. All that she had to do under her petition was to establish her title, and it was the duty of appellants, and all parties claiming under them, to do likewise.

We adhere to this court's decision on the former record and see no occasion for modifying the same in any particular.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*