## John Schultz, Appellee, v. Elizabeth O'Connell et al., Appellants.

### Gen. No. 7,935.

1. TAXATION—*presumptions created by issuance of tax deed and effect thereof.* The presumptions created by Cahill's St. ch. 120, ¶ 240, in respect to tax deeds, relate solely to acts dependent upon the fidelity of public officials in the discharge of their duties in making the records and reporting the acts required by them to be done previous and preliminary to the issuance of the deed. They afford no evidence of any act of the holder of it necessary to procure its issuance, such as the requirements made by paragraphs 232 and 233 of the same chapter, touching notice of the sale and the purchase thereat, and the making and filing of an affidavit showing compliance therewith.

2. FORCIBLE ENTRY AND DETAINER—*admissibility of tax deed to plaintiff.* In a suit for forcible entry and detainer, a tax deed held by the plaintiff is not competent evidence for any purpose where the record does not show compliance by plaintiff with the requirements of Cahill's St. ch. 120, ¶¶ 232, 233, providing that as a prerequisite to the issuance of such a deed the purchaser shall serve notice of the sale and his purchase thereat, and make and file an affidavit showing that he has given such notice in conformity to the statutory requirements, and this notwithstanding the fact that the sufficiency of the affidavit was not argued by either party.

3. FORCIBLE ENTRY AND DETAINER—*title under tax deed as basis for action.* The holder of a tax deed to property cannot maintain forcible entry and detainer against parties in possession thereof.

notwithstanding the fact that if he resorts to ejectment his tax deed will be attacked, and if the attack proved successful, he would still be out of possession and could not be restored thereto, and hence would lose the money paid for the tax deed.

Appeal by defendants from the Circuit Court of Brown county; the Hon. Fred G. Wolfe, Judge, presiding. Heard in this court at the October term, 1925. Reversed. Opinion filed December 31, 1925.

S. A. Hubbard and H. W. Lewis, for appellants.

W. H. Dieterich, for appellee.

Mr. Justice Crow delivered the opinion of the court.

Plaintiff (appellee) brought suit against defendants (appellants) in the circuit court of Brown county for forcible detainer. The cause was heard by the court without a jury. The court found the issues upon the declaration and plea of not guilty in favor of appellee and rendered judgment for possession of the premises described and against appellants for costs. To reverse that judgment the record is brought to this court.

The judgment appealed from was based on a tax deed obtained by appellee as the result of a sale of lands for taxes under a judgment of the county court entered in June, 1921. Plaintiff offered in evidence all the records pertaining to the sale of lands for delinquent taxes, including the deed to the premises in question. Objections were interposed to them, but overruled by the court. The contention of appellants here, as in the circuit court, is that the action of forcible entry and detainer will not lie and that the proper remedy is ejectment.

Appellee's counsel in his brief says the action is brought under the sixth clause of section 2 of the Act in relation to Forcible Entry and Detainer [Cahill's St. ch. 57, ¶ 2, cl. 6], which is: "When the lands or tenements have been * * * sold under the judgment or decree of any court in this State, * * *

and the party to such judgment or decree   *   *   * refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent," the person entitled to the possession may be restored thereto by this action. He further says: "The contention of appellee is that the holder of a tax deed has his remedy in forcible entry and detainer, and that section 224 of the Revenue Act [Cahill's St. ch. 120, ¶ 240] providing what effect a tax deed has as evidence precludes the appellant from making any inquiry as to the validity of the deed." The argument by which counsel attempts to support the latter thesis is: If the action for forcible entry does not lie, and if appellee is compelled to bring ejectment and submit to inquiry as to the validity of the tax deed, and if it should develop that it is void, he not having been in possession of the land, and appellants never having been out of possession, a judgment could not be entered "restoring the owner to possession."

Appellee concedes that the action is purely statutory and possessory, that the title cannot be tried in the action, and that a person claiming possession only as an incident of title must resort to the action of ejectment. The statement of the third proposition is not in the words of counsel, but it is the necessary consequence of his admission. That the action is merely possessory, and title not involved and not triable, has been decided so often and under such variety of circumstances that authorities need not be, but the following are, cited: *McCartney v. McMullen*, 38 Ill. 237; *Thomas v. Olenick*, 237 Ill. 167, and cases cited; *Shulman v. Moser*, 284 Ill. 134; *Doty v. Burdick*, 83 Ill. 473.

In the case last cited, the appellee undertook to defend a forcible entry and detainer action by introduction of a deed of the premises to him, in which he was sustained below. If a mere deed is not a sword of defense, it cannot be a weapon of attack in a suit of this

sort, where possession in this action is sought under it. Mr. Justice Walker, writing the opinion reversing the judgment, thus elaborates the sound doctrine against it: "This court has ever uniformly held that in an action of forcible entry and detainer, or in a forcible detainer only, the title to the premises is not involved, nor can it be inquired into on the trial; that possession, and the right to possession, independent of title, are the only questions involved. Hence, appellee had no right to introduce evidence of title on the trial, and even if he had, he could not, as we presume the entire profession are aware, prove it by an unconnected deed. The offer to introduce the deed from A. Doty to appellee would not even tend to prove title, unless connected with paramount source of title, or with a bar of the statute; but a person in the actual, peaceable possession of real estate is presumed to be the owner of the fee until the presumption is rebutted. A person in the full possession, when sued in ejectment, has the right to insist that the plaintiff shall show that he has paramount title before he is required to show in what manner or by what title he holds. He may show a better outstanding title than the plaintiff and thus defeat a recovery, although he may have no title whatever beyond his mere naked possession, which may have its inception in wrong, or even force, if it is not against the plaintiff. It is one of the most elementary rules of practice that a plaintiff in ejectment must show a valid title, traced to the paramount source, or to a source with that of defendant's title, before he can recover. He, if at all, recovers on the strength and perfection of his own title, and not on the weakness of his adversary's title. The mere production of a deed from one person to another does not tend to prove title. It must appear that the grantor had title, before there is proof. Hence, in a case requiring proof of title, appellee would have failed."

If the argument of counsel stated above needs ref-

utation the excerpt from the opinion of the Supreme
Court is enough. That contention is not aided by the
reference to section 224 of the Revenue Act [Cahill's
Ill. St. ch. 120, ¶ 240]. The part of that section relied
on only provides that the deed shall be prima facie evi-
dence of certain facts there stated, viz.: That the real
estate conveyed was subject to taxation and properly
listed and assessed; that the taxes had not been paid;
that the premises had not been redeemed; that the real
estate was properly advertised; that it was sold for
taxes; that the grantee was the purchaser or assignee
of the purchaser; that the sale was conducted in the
manner required by law. But with those facts estab-
lished, before they can operate to affect the title of
the owner at the time the sale was made, and invest
the purchaser with the benefit of the prima facie title
then made, it is necessary that the purchaser or as-
signee of the purchaser shall do something. Affirma-
tive action is required by such person to entitle him to
the possession of such effective deed. All the pre-
sumptions above quoted relate to acts dependent upon
the fidelity of public officials in the discharge of their
duties in making the records and reporting the acts
required by them to be done previous and preliminary
to the issuance of the deed. The deed establishes
prima facie those facts only. *Kepley v. Fouke,* 187 Ill.
162. It affords no evidence of any act of the holder of
it necessary to procure its issuance.

The acts required by the purchaser of his assignee,
as a *sine qua non* to the issuance of the deed are pro-
vided in sections 216 and 217 of the Revenue Act. Ca-
hill's St. ch. 120, ¶¶ 232, 233. By the first, the pur-
chaser or his assignee must serve notice, with the par-
ticularity there described, of the sale, the purchase,
with a minute detail of facts to be stated, the manner
of service and the contents of the notice. By the next
section referred to, an affidavit is required to be filed
showing a compliance with the preceding section. The

first referred to expressly provides that hereafter no purchaser or assignee of any purchaser of any land at any sale of lands shall be entitled to a deed therefor until he shall have served the notice there required. The second expressly provides that before the purchaser or assignee shall be entitled to the deed, he shall make an affidavit of his compliance with the conditions of the preceding section. In the affidavit he must state facts and not conclusions. It is therefore clear that a strict compliance with both of those sections is a condition precedent to the right to the deed. Section 224 cited by counsel does not make the deed prima facie evidence of the compliance with anything required by either of those sections. It must follow from the foregoing provisions *in pari materia* with section 224, that the deed, if competent for any purpose, was not competent under the showing made in this record, though the sufficiency of the affidavit is argued by neither party. We expressly hold that the deed was not competent for any purpose on the trial of this case and that the court should have sustained defendant's objection to it. It was not held by the Supreme Court in *Riverside Co. v. Townshend,* 120 Ill. 9, that forcible entry and detainer will lie to restore possession to one holding a tax deed, as counsel contends.

It follows that it was not necessary for defendants to contest the validity of the deed. If competent and relevant the plaintiff must show its validity. If it were relevant and competent, we cannot understand why he might not deny its validity. Certainly the portion of section 224 referred to is no warrant or authority against such contest. The argument of counsel quoted above is not less fallacious. The defendants were in possession. As Justice Walker said in the case, *supra,* that possession was prima facie evidence of title to the land possessed by her. How could her prima facie title be overcome by another only of the same strength? But under the rule of strict application of the stat-

utory requirements for a valid tax deed, the most that can be said is, appellee is unfortunate in having made an investment that will not withstand judicial scrutiny. Shall the tenants and presumptively the owners of the land in this proceeding be thrown out of their possession? Appellee contends they should, because, if he resorts to ejectment, the validity of his tax deed will be attacked, and if the attack is successful, he will still be out of possession and cannot be restored thereto and will lose the money he paid for the title. The same argument might foreclose any defense. To state the contention is to refute it. Defendant's possession is sacred to them and if plaintiff were put in possession they would be compelled to resort to ejectment. There is nothing sacrosanct about a tax deed.

The judgment of the circuit court is reversed with judgment in this court against appellee for costs, and *fi. fa.* therefor is awarded.

*Reversed.*