## ROBERTSON v. GOREE.

## . In re WALKER.

Circuit Court of Appeals, Fifth Circuit.
November 23, 1928.

No. 5319.

See, also, 8 F.(2d) 510; 15 F.(2d) 399; 19 F.(2d) 795.

Leroy A. Smith, of Fort Worth, Tex. (Smith & Rowland, of Fort Worth, Tex., on the brief), for appellant.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (S. C. Rowe, B. G. Smith, and Cantey, Hanger & McMahon, all of Fort Worth, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant had a valid mortgage lien, which was superior to all other except tax liens, upon real property which was being administered in the bankruptcy court. By agreement the property was sold by the trustee free of all liens, which were transferred to the proceeds of the sale. The trustee, being in possession of the property, paid the taxes for 1925 and 1926, and in the contract of sale agreed to pay the taxes for 1927. The aggregate amount of taxes for these years was $999. During the same period the trustee collected rents amounting to $1,245. The amount realized upon the sale was not sufficient to pay appellant's lien in full, and the record shows that there probably will not be sufficient proceeds from the sale of all the securities he holds to pay his debt in full.

The order appealed from directs the trustee to deduct from the amount realized from the sale the amount of taxes paid by him and to pay the balance to appellant in partial satisfaction of his lien. Appellant contends, and, as we think, rightly so, that he is entitled to the entire proceeds from the sale without any deduction for taxes. The Bankruptcy Act, § 104a, requires the trustee to pay all taxes legally due and owing by the bankrupt. This section creates a charge against the general estate for all taxes owing by the bankrupt, even though levied on property which did not pass into the hands of the trustee in bankruptcy. Dayton v. Pueblo County, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190. See, also, City of Waco v. Bryan (C. C. A.) 127 F. 79; City of Chattanooga v. Hill (C. C. A.) 139 F. 600, 3 Ann. Cas. 237.

In view of these decisions, it was conceded by counsel for appellee in argument that appellant should not be charged with taxes for 1925; but as to the other two years it is insisted that the order appealed from is in compliance with section 64a, as amended May 27, 1926. 44 Stat. 666, 11 USCA § 104(a). The proviso in that amendment is "that no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof," etc. Under the concession made, it would seem that appellant should not be charged with the proportion of taxes that had accrued in the year 1926 up to May 27 when the amendment was enacted. But, aside from that, there is no provision, either in the original section or in the amendment, to the effect that the trustee shall be reimbursed out of the proceeds of sale of particular property on which he has paid taxes. On the contrary, the provision in the original section to the effect that, upon filing receipts for such payments, the trustee shall be credited with the amount thereof, was carried forward into the amendment, and would appear to negative the right of the trustee to deduct taxes from proceeds he held for a creditor having a lien.

Under the amendment the trustee is no longer required to pay all taxes due by the

bankrupt upon property which it is not to the interest of the trustee to take over and administer for the benefit of creditors. Even before the amendment the trustee had the right to refuse to accept burdensome property. First National Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408. See, also, Equitable Loan & Security Co. v. Moss (C. C. A.) 125 F. 609; 2 Collier (1923 Ed.) 1738. But this property was not rejected as burdensome. In fact, it was not burdensome to the trustee, for he received more in rent than he paid out in taxes. The trustee, having taken over the property, was under the same duty that the owner theretofore had been to pay the taxes, and when they were paid he could not charge the lienholder. He was only entitled under the statute to receive credit in his accounts. Appellee relies on Gisborn v. Charter Oak Ins. Co., 142 U. S. 326, 12 S. Ct. 277, 35 L. Ed. 1029. We do not think the case is in point. There the rights of the parties were fixed in their contract, while here the duty of the trustee is controlled by statute.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.