## In re MITCHELL.

District Court, S. D. Georgia, Savannah Division.
March 9, 1931.

McIntire, Walsh, & Bernstein, of Savannah, Ga., for bankrupt.

Abrahams, Bouhan, Atkinson & Lawrence, of Savannah, Ga., for intervenor.

George T. Cann and Anderson, Cann & Cann, all of Savannah, Ga., for Chatham County tax claim.

BARRETT, District Judge.

At the time of the bankruptcy of Mitchell, a valid debt secured by a security deed on real estate for $7,000 principal was held by Garity. After bankruptcy, Garity petitioned the bankruptcy court to abandon the

real estate to him. This was declined, and the trustee held the property for eleven months, during which time the net rents were $519. During such eleven months there accrued city taxes of $67.47, state and county taxes, $56.60, water rent, $6, fire insurance premium, $162.15, and the interest accumulation was in excess of $500. The property was finally abandoned to the mortgagee and was sold for $6,000, leaving a deficit in excess of $1,000. The advertisement of the sale by the trustee under the security deed provided that "tax liens for which the property described is liable, to follow the property." The referee ordered paid the insurance premium and water rent, but declined to authorize the payment of the taxes on this particular property.

Garity contends (a) that the entire net proceeds of the rent accruing after the possession of the property was refused to him should be turned over to him, namely, $519; and (b) that in any event the taxes should be paid as well as the insurance premium and water rent.

This case is controlled by the decision of the Circuit Court of Appeals of the Fifth Circuit in Robertson v. Goree, 29 F.(2d) 261. Applying that decision to the case at bar, Garity is entitled to have the $519 net rent applied to the payment of the taxes, water rent, insurance premium, and the balance to him.

The fact of the stipulation in the advertisement that the "tax liens for which the property described is liable, to follow the property" is in no way controlling. The essential fact is that Garity was injured by the bankruptcy court erring in the conclusion that there was an equity in the property for the general creditors and declining to abandon the property at that time. Subsequent developments proved that Garity was entitled to the property at that time, and the general creditors should not be the beneficiaries of rents that ought to have gone to Garity.

Let a judgment be taken in conformity to this opinion.